# King *v.* Merry, Appellant.

*Negligence—Automobiles—Collision—Speed—Improper driving around corner.*

In an action to recover damages for injuries to an automobile sustained in a collision between two automobiles, the question of defendant's negligence, and plaintiff's contributory negligence is for the jury, where the evidence for the plaintiff tends to show that the excessive rate of speed at which the defendant's car was driven caused the accident, while that of the defendant tends to show that the plaintiff's car was driven across the corner of one street into another street, instead of around the centre of the intersection of the streets.

Statement of Facts—Opinion of Court below. [70 Pa. Superior Ct.

Argued April 8, 1918.  Appeal, No. 89, April T., 1918, by defendant, from judgment of C. P. Erie Co., Feb. T., 1916, No. 58, on verdict for plaintiff in case of George King v. Arthur F. Merry.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass to recover damages for injuries to an automobile.

At the trial the jury returned a verdict for plaintiff for $518.51.  On a rule for a new trial and for judgment n. o. v., WHITTELSEY, J., filed the following opinion:

It is contended on behalf of the defendant in this case that the jury should have been instructed to find a verdict for the defendant.  The jury were instructed that if they found that the negligence of the driver of the plaintiff's car caused the accident, then their verdict should be for the defendant; if not, then they should inquire whether the accident was caused by the negligence of the defendant, and if they so found, their verdict should be for the plaintiff.  These were questions of fact for the jury to decide.

There was a conflict in the evidence as to the cause of the accident, it being alleged on the part of the plaintiff that the excessive rate of speed at which the defendant's car was driven caused the accident, and on the part of the defendant, it was contended that the plaintiff's car was driven across the corner of Parade street into Twenty-first street instead of around the center of the intersection of the streets.

It is admitted that the evidence was fairly submitted to the jury in the charge of the court.  The jury saw the witnesses, and heard the testimony and rendered a verdict in favor of the plaintiff and against the defendant. We were of the opinion at the time of the trial that whether or not the plaintiff was guilty of contributory negligence or whether the defendant was guilty of negligence under all the evidence were questions of fact for

the jury to decide. After a careful examination of all of the evidence and of the authorities cited, we can see no reason to change our opinion: Budd v. Lansdowne Borough, 190 Pa. 199; Yocum v. Reading City, 235 Pa. 552; Ake v. City of Pittsburgh, 238 Pa. 371.

We think that the verdict is sustained by the evidence. That the jury might have found a verdict for the defendant on the evidence submitted is not a good reason for granting a new trial. The motion for judgment non obstante veredicto is in the nature of a demurrer to the whole evidence in the case. We are not prepared to say that the evidence in the case is not sufficient to sustain the verdict. We are therefore of the opinion that the rules for a new trial and for judgment non obstante veredicto should be discharged and that the judgment should be entered on the verdict.

And now, September 24, 1917, the rules to show cause why a new trial should not be granted and why judgment non obstante veredicto should not be entered in favor of the defendant are discharged and judgment is ordered to be entered on the verdict on payment of the jury fee.

*Error assigned* was order discharging rule for judgment n. o. v.

*R. T. Marsh,* of *Marsh & Eaton,* for appellant.

*Miles R. Nason,* for appellee.

PER CURIAM, July 18, 1918:

The opinion filed by the trial judge in discharging rules for a new trial, and for judgment non obstante veredicto, is a sufficient answer to the assignments of error urged in this court. The disputed questions of fact were fairly submitted to the jury, and that tribunal was the proper one to determine them.

The judgment is affirmed.